UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRE BROOKS, JOY KIASHA BELL and SAMUEL MACK, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>          -against-<br><br>GETIR US INC.,<br><br>                  Defendant. | Case No.: 1:22-cv-4020<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiffs Tyre Brooks, Joy Kiasha Bell and Samuel Mack, individually and on behalf of all others similarly situated, by and through his undersigned attorneys, allege as follows:

**NATURE OF ACTION**

1. This is a collective and class action brought by Lead and Putative Class Representative Plaintiffs Tyre Brooks ("Brooks"), Joy Kiasha Bell ("Bell") and Samuel Mack ("Mack") (together, the "Representative Plaintiffs") on their own behalf and on behalf of the Collective Class and proposed Rule 23 class (members of the proposed Collective Class and Rule 23 Class are referred to as "Class Members") identified below.

2. Representative Plaintiffs and the Class Members were or are employed by Defendant Getir US Inc. ("Getir" or "Defendant") as non-exempt Packers and in-store personnel.

3. The Representative Plaintiffs contend that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, by knowingly requiring, suffering, or permitting them and other members of the putative FLSA Collective ("FLSA Collective Members") to work more than 40 hours per week without paying them overtime wages.

4. The Representative Plaintiffs and the Class Members were denied minimum wage compensation, "gap time" compensation, and overtime premium compensation as a result of Defendant's policies and practices, including requiring the Representative Plaintiffs and Class Members to work "off-the-clock" during their unpaid meal breaks, applying an unlawful time rounding policy and failing to properly calculate regular rates of pay.

5. Defendant also required the Representative Plaintiffs and the Class Members to wear uniforms but failed to pay uniform maintenance pay, as required by the New York Labor Law ("NYLL") and its supporting regulations.

6. Defendant also failed to provide the Representative Plaintiffs and the Class Members with wage notices and accurate wage statements in violation of NYLL §195(1) and (3).

7. The Class Members are similarly situated to the Representative Plaintiffs under Federal Rule of Civil Procedure 23 and the FLSA and have suffered the same violations pursuant to Defendant's common policies and practices.

8. The Collective Class is made up of persons who are or have been employed by Defendant as Packers, and in other hourly paid in-store positions, in New York City, Boston, Massachusetts and Chicago, Illinois at any time within the three years prior to this action's filing date through the date of the final disposition of this action (the "Collective Class Period") and who were subject to Defendant's unlawful policies and practices of failing to pay minimum wage compensation for all hours worked, failing to pay overtime premiums for all hours worked over 40 in a given workweek, unlawful time rounding and failing to keep accurate records of the hours that the Representative Plaintiffs and the Class Members actually worked.

9. The New York Class is made up of all persons who are or have been employed by Defendant as Packers, and in other in-store positions, in New York within the period of six years prior to this action's filing date (the "New York Class Period") and who were subject to Defendant's unlawful policy and/or practice of failing to pay the Representative Plaintiffs and the New York Class Members minimum wage, gap time compensation, and overtime premiums for all hours worked over 40 in a given workweek, Defendant's failure to pay uniform maintenance pay, unlawful time rounding and Defendant's unlawful practice of failing to keep accurate records of hours Plaintiffs actually worked and failing to provide Plaintiffs with wage notices and accurate wage statements reflecting all hours, including overtime hours worked.

**The Parties**

10. The Representative Plaintiffs are residents of New York, New York.

11. Plaintiff Brooks was employed as a Packer at Defendant's grocery store in Brooklyn, New York, from approximately February 12, 2022 to May 23, 2022.

12. Plaintiff Bell was employed as a Packer at Defendant's grocery stores in Manhattan and Bushwick, New York, from approximately December 7, 2021 to June 6, 2022.

13. Plaintiff Mack was employed as a Packer at Defendant's grocery store in Bushwick, New York, from approximately December 2021 to March 2022.

14. At all relevant times, each of the Representative Plaintiffs has been an employee of Defendant within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

15. Each of the Representative Plaintiffs has executed an "FLSA Consent to Join" which is being filed with the Court (via ECF).

16. Defendant Getir US, Inc. is a corporation organized and existing under the

laws of the state of Delaware that operates in New York City, Boston, Massachusetts and Chicago, Illinois.

17. Defendant is licensed to do business in New York.

18. At all times relevant to this Complaint, Defendant Getir (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

19. At all times relevant to this Complaint, Defendant Getir was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including the Representative Plaintiffs and Class Members.

20. At all times relevant to this Complaint, Defendant Getir was and is an employer within the meaning of the 29 U.S.C. 201 et seq. and NYLL Section 190(3), and employed employees, including Plaintiff.

## Jurisdiction and Venue

21. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over the Representative Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

22. This Court has federal question jurisdiction over the Representative Plaintiff's claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

23. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because many of the events relevant to this action occurred in this District, and the acts and omissions giving

rise to the claims herein alleged took place in this District.

24. This Court has personal jurisdiction over Defendant because it routinely transacts business in New York.

## Factual Allegations

25. The Representative Plaintiffs were employed by Defendant as Packers.

26. Defendant paid the Representative Plaintiffs $15.00 per hour.

27. The Representative Plaintiffs' duties were to perform manual labor in furtherance of Defendant's business.

### Work During Uncompensated Meal Periods

28. Defendant scheduled the Representative Plaintiffs and the Class Members for 30-minute meal periods during their shifts.

29. On almost every shift, Defendant did not allow the Representative Plaintiffs and the Class Members to actually take a 30-minute, uninterrupted meal break.

30. It was Defendant's policy and practice to automatically deduct 30 minutes from the Representative Plaintiffs' and the Class Members' hours worked on every shift.

31. The Representative Plaintiffs and the Class Members were required to work off the clock as a result of Defendant's policy and practice of automatically deducting time for meal periods that were not actually provided.

32. Defendant failed to notify Plaintiffs and the Class Members of a mechanism through which the Representative Plaintiffs and the Class Members could report that they had actually worked during uncompensated meal periods.

**Unlawful Rounding**

33. Defendant utilizes a time rounding policy for all non-exempt employees.

34. Defendant's managers required and/or encouraged in-store employees to arrive at work before their scheduled start time, punch in and start working. Defendant's managers caused employees to believe they would be paid from the time they clocked in.

35. Upon information and belief, Defendant maintained a policy that prohibited employees from arriving for their shifts after their scheduled start time.

36. Defendant's managers disciplined employees if they clocked in after their scheduled start time.

37. As a result of Defendant's policies and practices, the Representative Plaintiffs were not compensated for five to fifteen minutes of working time at the start of almost every shift and five or more minutes at the end of shifts.

38. Upon information and belief, Defendant's policies and practices regarding the time in-store employees were expected to start working and its rounding policy benefitted Defendant far more often than they benefitted Defendant's employees.

39. As a result of Defendant's rounding policy, the Representative Plaintiffs were not paid for time that they worked at the beginning, and end, of shifts.

**Failure to Pay Overtime Premiums**

40. As a result of Defendant's policies and practices, including requiring the Representative Plaintiffs and Class Members to work during uncompensated meal periods, and Defendant's policies and practices regarding rounding, Defendant avoided paying the

6

Representative Plaintiffs and Class Members overtime premiums for working in excess of forty hours in a workweek.

41. By way of example, during the workweek from March 21 to March 27, 2022, Defendant's records indicate that Plaintiff Brooks worked 39.3 hours. On each of the five shifts he worked during that week, Defendant deducted time for meal breaks that were not provided to Brooks. Brooks was required to work during all, or most, of the time that Defendant deducted from his working time for meal breaks. In addition, during each of his five shifts that week, Brooks reported to work and began working between 5 and 14 minutes before his scheduled start time, but he was paid from his scheduled start time because of Defendant's time rounding policy. If not for Defendant's unlawful policies and practices, Plaintiff Brooks would have been paid between two and three hours at time and one half his regular rate.

42. The total weekly amount that Defendant paid to Representative Plaintiffs and Class members divided by the actual number of hours worked amounts to a regular rate of pay that falls below the minimum wage of $15.00 per hour that is required in New York City.

43. Defendant periodically paid the Representative Plaintiffs and Class Members "performance bonuses."

44. Defendant should have included the performance bonuses in the Representative Plaintiffs' and Class Members' regular rate of pay.

45. Defendant failed to pay the Representative Plaintiffs and Class Members overtime premiums.

46. To the extent Defendants paid the Representative Plaintiffs' and Class Members' any overtime premiums, they did not pay those premiums at a rate that was 1.5 times

the Representative Plaintiffs' and Class Members' regular rate of pay.

**Failure to Pay Uniform Maintenance Pay**

47. Defendant required the Representative Plaintiffs and Class Members to wear a uniform with Defendant's logo.

48. Defendant provided the Representative Plaintiffs and Class Members with two uniform shirts.

49. The Representative Plaintiffs and Class Members Plaintiff were required to wear a uniform shirt on every shift they worked.

50. Defendant did not launder the Representative Plaintiffs' or Class Members' uniforms, nor did they offer to launder the required uniforms.

51. Defendant required the Representative Plaintiffs and Class Members to wear uniforms for the benefit of Defendant's business.

52. The Representative Plaintiffs' and Class Members' uniforms required daily washing.

53. Defendant is a large employer pursuant to N.Y. Comp. Codes R. & regs. Tit. 12 § 146-1.7.

54. Defendant should have paid the Representative Plaintiffs and New York Class Members between $8.90 and $18.65 per workweek as Uniform Maintenance Pay.

55. Defendant did not pay the required Uniform Maintenance Pay.

56. Defendant's conduct extended beyond the Representative Plaintiffs to all other similarly situated employees.

57. Defendant did not state the correct gross wages, as defined by NYLL, for any

employee on any pay statement as required by NYLL.

58. No notification, either in the form of posted notices, or other means, was ever given to the Representative Plaintiffs regarding wages as required under the FLSA or NYLL.

59. Defendant did not provide the Representative Plaintiffs and Class Members a statement of wages, as required by NYLL 195(3).

60. Defendant did not give any notice to the Representative Plaintiffs of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

61. All of the alleged violations of the FLSA and NYLL by Defendant were knowing or intentional.

## FLSA COLLECTIVE ACTION ALLEGATIONS

62. The Representative Plaintiffs bring the first cause of action as a collective action for themselves and all others similarly situated to recover unpaid overtime wages, liquidated damages, and other damages related to Defendant' violation of the FLSA.

63. The Representative Plaintiffs pursue the requested relief on behalf of the following collective:

> All persons employed by Defendant at any time three years before the filing of this Complaint and through the entry of judgment in this case (the "Collective Action Period") who worked in hourly paid in-store positions and earned, but were not paid, FLSA overtime premiums for hours worked over 40 in a work week (the "FLSA Collective Members").

64. A collective action is appropriate because the Representative Plaintiffs and the FLSA Collective Members are similarly situated, in that they were all subjected to Defendant's illegal policies, including requiring the Representative Plaintiffs and the FLSA Collective Members to work "off-the-clock" during their unpaid meal breaks, applying an unlawful time rounding policy and failing to properly calculate regular rates of pay. As a result of these

policies, the Representative Plaintiffs and the FLSA Collective Members did not receive the legally required overtime premium payments for all hours worked in excess of 40 hours per week.

65. The Representative Plaintiffs and the FLSA Collective Members have substantially similar, if not identical, job duties and are or were paid based on a similar, if not identical, payment structure.

66. Specifically, even though the Representative Plaintiffs and the FLSA Collective Members did not satisfy any test for exemption, Defendant engaged in a common scheme requiring, suffering, or permitting the Representative Plaintiffs and the FLSA Collective Members to work overtime and failed to pay the Representative Plaintiffs and the FLSA Collective Members appropriate overtime premiums.

67. Defendant controlled the work schedules that the Representative Plaintiffs and the FLSA Collective Members worked.

68. The Representative Plaintiffs and the FLSA Collective Members were all hourly paid employees.

69. Defendant set the rates and method of pay applicable to the Representative Plaintiffs and the FLSA Collective Members.

70. Defendant required, suffered, or permitted the Representative Plaintiffs and the FLSA Collective Members to work over forty hours per week without proper overtime pay.

71. Defendant did not pay the Representative Plaintiffs and the FLSA Collective Members an overtime premium of 1½ times their legally required hourly rate for all time worked in excess of 40 hours per week.

72. Defendant maintained common timekeeping systems and policies with respect to the Representative Plaintiffs and the FLSA Collective Members.

73. The Representative Plaintiffs estimate that the Collective, including both current and former employees over the relevant period, will include at least 40 members. The precise

number of Collective Members should be readily available from Defendant's records, including personnel, scheduling, and time records, and from input received from the Collective Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly by U.S. mail, electronic mail and text messages.

74. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## Class Action Allegations

75. Under the New York Labor Law and the New York common law, the Representative Plaintiffs bring their Second through Sixth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendant at any time six years before the filing of this Complaint through the entry of judgment in this case (the Class Period") who worked for Defendant in New York in in-store positions (the "New York Class Members") who earned but were not paid overtime premiums, who earned but were not paid uniform maintenance pay, and did not receive the wage notices and wage statements required by New York law.

76. The number and identity of the New York Class Members can be determined from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23.

77. The New York Class Members are so numerous that joinder of all members is impracticable. Although the precise number of New York Class Members is unknown to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendant. Upon information and belief, there are at least 40 New York Class Members.

11

78. Common questions of law and fact exist as to all New York Class Members, and such questions predominate over any questions solely affecting individual New York Class Members.

79. Common questions will determine Defendant' liability to all (or nearly all) New York Class Members. These common questions include:

   a. whether Defendant employed the Representative Plaintiffs and the New York Class Members within the meaning of the NYLL;

   b. whether Defendant failed to keep accurate time records for all hours worked by the Representative Plaintiffs and the New York Class Members;

   c. whether Defendant failed to pay the Representative Plaintiffs and the New York Class Members mandated uniform maintenance pay;

   d. whether Defendant failed to provide Plaintiffs and New York Class Members with proper wage notices and wage statements;

   e. whether Defendant's failure to properly pay Plaintiffs and the New York Class Members lacked a good faith basis; and

   f. the nature and extent of classwide injury and the measure of damages for those injuries.

80. The Representative Plaintiffs' claims are typical of the New York Class Members' claims.

81. The Representative Plaintiffs, like all New York Class Members, worked for Defendant in New York City as Packers and their work was performed in accordance with Defendant' corporate policies. The Representative Plaintiffs, like all New York Class Members, were, among other things, not paid overtime premiums; not paid uniform maintenance pay; and not provided with proper wage notice and wage statements. If Defendant is liable to the Representative Plaintiffs for the Class claims enumerated in this Complaint, they are also liable to all New York Class Members.

82. The Representative Plaintiffs and their counsel will fairly and adequately represent the class.

83. There are no conflicts between the Representative Plaintiffs and the New York Class Members, and the Representative Plaintiffs bring this lawsuit out of a desire to help all New York Class Members, not merely out of a desire to recover their own damages.

84. The Representative Plaintiffs' counsel are experienced class action litigators who are well prepared to represent the interests of the New York Class Members.

85. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

86. The Representative Plaintiffs and New York Class Members lack the financial resources to vigorously prosecute a lawsuit in federal court against the Defendant. The Representative Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant' practices.

**FIRST CAUSE OF ACTION:**
**Fair Labor Standards Act – Unpaid Overtime**

87. The Representative Plaintiffs, on behalf of themselves and the FLSA Collective Members, incorporates the allegations above.

88. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to Defendant and protect the Representative Plaintiffs and the FLSA Collective Members.

89. Defendant did not compensate the Representative Plaintiffs and the FLSA Collective Members for compensable time.

90. Defendant failed to pay the Representative Plaintiffs and the FLSA Collective Members time and one-half their regular rate of pay for all hours they worked in excess of 40 hours in a work week.

91. As a result of Defendant' violations of the FLSA, the Representative Plaintiffs and the FLSA Collective Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. §§ 201 *et seq*.

92. Defendant's unlawful conduct, as described in this complaint, has been willful and intentional. Defendant was aware or should have been aware that the policies and practices described in this complaint were unlawful. Defendant have not made any good faith effort to comply with the FLSA with respect to the compensation of the Representative Plaintiffs and the FLSA Collective Members.

93. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, under 29 U.S.C. §§ 201 *et seq*. Plaintiffs incorporate by reference all the allegations in the preceding paragraphs.

**SECOND CAUSE OF ACTION:
NYLL – UNPAID OVERTIME
(ON BEHALF OF THE NEW YORK CLASS)**

94. The Representative Plaintiffs incorporates the allegations above.

95. The Representative Plaintiffs and the New York Class are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

96. Under the NYLL and supporting NYDOL Regulations, Defendant is required to pay the Representative Plaintiffs and the New York Class one and one half times the regular rate of pay for all hours they worked in excess of forty.

97. Defendant failed to pay the Representative Plaintiffs and the New York Class the overtime wages to which they are entitled under the NYLL.

98. Defendant willfully violated the NYLL by failing to pay the Representative Plaintiffs and the New York Class overtime wages.

99. Due to Defendants' willful violations of the NYLL, the Representative Plaintiffs and the New York Class are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION:
## NYLL – FAILURE TO PAY MINIMUM WAGE AND GAP TIME WAGES
### (On Behalf of the New York Class)

100. The Representative Plaintiffs incorporate the allegations above.

101. The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant.

102. Defendant has failed to pay Plaintiff and the Putative Class the minimum wages to which they were entitled under the NYLL.

103. By Defendant's failure to pay Plaintiff and the Putative Class minimum wages, they have willfully violated the NYLL Article 19, §§ 652 et seq., and the supporting New York State Department of Labor Regulations.

104. Due to Defendant's violations of the NYLL, Plaintiff and the Putative Class are entitled to recover from Defendant their unpaid minimum wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

105. Similarly, Defendant have failed to pay Plaintiff and the Putative Class the difference between the New York State minimum wage and their hourly rate of pay as determined by Defendant for all hours worked in a workweek, a practice that is unlawful under the NYLL.

106. Specifically, Defendant's failure to pay these wages – known as "gap time" wages under the relevant precedent - is prohibited by Section 193 of the NYLL which expressly prohibits an employer from making unauthorized deductions from employees' wages.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Uniform Maintenance Pay**

107. The Representative Plaintiffs incorporates the allegations above.

108. Defendant required the Representative Plaintiffs and the New York Class to wear its uniform.

109. Defendant did not pay the Representative Plaintiffs or the New York Class uniform maintenance pay.

110. Defendant violated Article 19 of the NYLL and its supporting regulations by failing to pay uniform maintenance pay.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Wage Notice Violations**

111. The Representative Plaintiffs incorporate the allegations above.

112. At all relevant times, Defendant employed and/or continue to employ Plaintiffs and each Class Member within the meaning of the New York Labor Law, §§ 2 and 651.

113. Defendant has willfully failed to supply the Representative Plaintiffs and the New York Class Members notice as required by NYLL Article 6, §195, on the date of hire and on the

date of any wage increases, in English or in the language identified by Plaintiffs and the New York Class Members as their primary language, containing Plaintiffs' and New York Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay; the regular pay day designated by the employer in accordance with NYLL, Article 6, §191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

114. As a result of Defendant's unlawful conduct, Plaintiff and the Putative Class are entitled to an award of damages pursuant to NYLL § 198, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Wage Statement Violations

115. The Representative Plaintiffs incorporates the allegations above.

116. NYLL §195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria required under the NYLL.

117. Defendant did not provide Plaintiff and the Putative Class with a legally sufficient wage statement upon the payment of wages, as required by NYLL § 195(3).

118. As a result of Defendant's unlawful conduct, Plaintiff and the Putative Class are entitled to an award of damages pursuant to NYLL § 198, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## PRAYER FOR RELIEF

WHEREFORE, the Representative Plaintiffs, on behalf of themselves and the FLSA Collective Members and New York Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the FLSA Collective Members and ordering the prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Collective, apprising them of the pendency of this action, permitting them to assert FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing the Representative Plaintiffs and their counsel to represent the FLSA Collective Members;

b. Certification of this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class, appointing the Representative Plaintiffs and their counsel to represent the Class and ordering appropriate monetary, equitable and injunctive relief to remedy Defendant's violation of the common law and New York State law;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, and New York common law;

e. An injunction against Defendant and their officers, agents, successors, employees, representatives, and any persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of liquidated damages as a result of Defendant's willful failure to pay overtime compensation under the FLSA and supporting regulations;

g. An award of monetary damages to be proven at trial for all unpaid overtime, minimum wages, gap time and uniform maintenance pay owed to the Representative Plaintiffs and the Class Members;

h. Appropriate penalties for each workday that the violations of the wage notice provision of the NYLL, Article 6 § 195, occurred or continue to occur, up to a total of $5,000 per Plaintiff and each of the NYLL New York Class Members, as provided for by NYLL, Article 6 § 198(1-b);

      i.      An award of prejudgment and post judgment interest;

      j.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      k.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the Complaint.

Dated:   July 8, 2022
           New York, New York

*/s/ Brendan Sweeney*

Brendan Sweeney
The Law Office of Christopher Q. Davis, PLLC
80 Broad Street, Suite 703
New York, New York 10004
646-430-7930
bsweeney@workingsolutionsnyc.com

Hajar Hasani
The Law Office of Christopher Q. Davis, PLLC
80 Broad Street, Suite 703
New York, New York 10004
646-430-7930
hhasani@workingsolutionsnyc.com

*Attorneys for Plaintiffs*